**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**SEAN MCIVER,**
**Plaintiff,**

**v.**

**MUHAMMAD SHOAIB, HINA QURESHI, individual and as Franchise Owners of A&W;**
**KEVIN BAZNER, Chairman of the Board of A&W;**
**BETSY SCHMANDT, CEO and President of A&W;**
**ANDREA L. KLYCZEK, Executive Director/Commissioner of Niagara County Center for Economic Development;**
**CATHIE L. SYNOR, Director of Administration and Grants; and**
**SUSAN BARONE, Grants, Loans, and Compliance Manager,**
**Defendants.**

**Case No: 26-cv-__________**

**VERIFIED CIVIL COMPLAINT**

**JURY TRIAL DEMANDED**

26 CV 1672

UNITED STATES DISTRICT COURT
FILED
AUG 10 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

## COMPLAINT

## INTRODUCTION

Plaintiff Sean McIver, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the United States Constitution, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., and the New York State Labor Law (NYLL). Plaintiff seeks compensatory damages, punitive damages, and permanent injunctive relief against Defendants for systematic wage theft, unlawful conversion of tips, First Amendment whistleblower retaliation, deprivation of due process, false imprisonment, and unlawful state-backed confinement using law enforcement personnel.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), as this action is brought pursuant to 42 U.S.C. § 1983 and the United States Constitution.

2. This Court has supplemental jurisdiction over Plaintiff's New York State law claims pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy.

3. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b) because the events, omissions, and unlawful acts giving rise to these claims occurred entirely within Niagara County, New York, which sits within this judicial district.

## PARTIES

4. Plaintiff Sean McIver is an adult natural person residing at 723 main street, Niagara Falls, NY 14301. At all times relevant, Plaintiff was employed as the General Manager at the A&W location at 303 Rainbow Blvd, Niagara Falls, NY 14303.

5. Defendants Muhammad Shoaib and Hina Qureshi are individuals, marital partners, and franchise owners/operators of the A&W establishment located at 303 Rainbow Blvd, Niagara Falls, NY 14303. They acted as Plaintiff's direct employers with operational control over payroll, scheduling, and workplace conditions.

6. Defendants Kevin Bazner (Chairman) and Betsy Schmandt (CEO and President) are corporate officers of A&W Restaurants, Inc., located at 1648 McGrathiana Parkway, Suite 380, Lexington, KY 40511. They joint-operated, supervised, and failed to oversee compliance metrics despite notice of corporate systemic violations.

7. Defendants Andrea L. Klyczek (Executive Director), Cathie L. Synor (Director of Administration and Grants), and Susan Barone (Grants, Loans, and Compliance Manager) are public officials acting under color of state law at the Niagara County Center for Economic Development, 6311 Inducon Corporate Drive, Suite 1, Sanborn, NY 14132. These Defendants approved public funding, grants, and administrative resources to Defendant Shoaib despite actual or constructive notice of wage theft, constitutional violations, and labor infractions.

## FACTUAL ALLEGATIONS

8. In May 2024, Plaintiff Sean McIver was hired by Defendants Shoaib and Qureshi to work as the General Manager of the A&W Burger Factory in Niagara Falls, NY.

9. Initially, Plaintiff was compensated on an hourly basis. However, after the first month, Defendants unilaterally altered his employment classification to a flat 'one-off' or salary arrangement.

10. Despite this classification change, Plaintiff was regularly required to work between 65 and 80 hours per week without any overtime premium, violating the mandatory overtime thresholds of the FLSA and New York Labor Law.

11. Defendants Shoaib and Qureshi engaged in rampant wage manipulation, tip skimming, and illegal retention of customer-left tips intended for service staff, directly violating NYLL § 196-d and the Fifth Amendment's Takings Clause via coordinated state-funded enterprise mechanisms.

12. Recognizing these profound violations, Plaintiff actively opposed these illegal actions and filed official complaints with the New York State Department of Labor (NYSDOL) and the New York Attorney General's Civil Rights Bureau.

13. Upon discovering that Plaintiff had engaged in protected First Amendment activity by contacting state regulators, Defendants Shoaib and Qureshi initiated immediate, adverse retaliatory actions against him.

14. On or about the date of termination, Defendants Shoaib and Qureshi fabricated a basis for dismissal and summoned local law enforcement officers to the business premises.

15. Operating under color of state authority, police officers unlawfully detained, confined, and escorted Plaintiff from his workplace without lawful justification or a judicial warrant, causing significant psychological, professional, and reputational harm.

16. Defendants Klyczek, Synor, and Barone, acting in their official economic development capacities, willfully ignored verified complaints of wage theft and workplace abuses. Instead, they continued to provide municipal grant capital and financing to Defendant Shoaib's business operations, directly enabling and perpetuating the unconstitutional acts complained of herein.

## CAUSES OF ACTION

COUNT I: 42 U.S.C. § 1983 – Wage Theft and Unlawful Taking of Property
(Against All Defendants)
17. Plaintiff realleges all prior paragraphs.
18. Defendants, through direct action and state-funded support, deprived Plaintiff of his earned wages and tips without due process of law, constituting an unlawful taking of private property for private use in violation of the Fifth and Fourteenth Amendments.

COUNT II: 42 U.S.C. § 1983 – First Amendment Whistleblower Retaliation
(Against Defendants Shoaib, Qureshi, Klyczek, Synor, and Barone)

19. Plaintiff engaged in protected speech by filing official administrative grievances with the NYSDOL and the Attorney General regarding illegal employment practices.
20. In direct retaliation for this protected activity, Defendants terminated Plaintiff's employment and weaponized municipal police personnel to seize his person.

COUNT III: Deprivation of Liberty Without Due Process / Unlawful Firing
(Against Defendants Shoaib and Qureshi)
21. Defendants terminated Plaintiff's employment utilizing an abuse of police power, denying him any pre-termination or post-termination administrative process, and stigmatizing his professional standing through an engineered police extraction.

COUNT IV: Violations of New York State Labor Law (NYLL §§ 190 et seq. and 650 et seq.)
(Against Defendants Shoaib, Qureshi, Bazner, and Schmandt)
22. Defendants failed to compensate Plaintiff at the statutory overtime rate of 1.5x his regular rate for all hours worked in excess of 40 hours per workweek.
23. Defendants unlawfully converted and withheld tips in direct violation of NYLL § 196-d.

COUNT V: Unlawful Confinement / False Imprisonment under 42 U.S.C. § 1983 and NY State Law
(Against Defendants Shoaib and Qureshi)
24. Defendants intentionally caused Plaintiff to be physically detained and restricted against his will by law enforcement personnel within the store premises, without legal justification or probable cause.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:
• An Injunction prohibiting Defendants Muhammad Shoaib and Hina Qureshi from operating any business activities out of the 303 Rainbow Blvd A&W facility.
• An Injunction barring the Niagara County Center for Economic Development from allocating further public funds, grants, or subsidies to the Defendants.
• Compensatory Damages for unpaid regular wages, unpaid overtime, stolen tips, emotional distress, and reputational injury in an amount to be determined at trial.
• Punitive Damages against the individual Defendants for their malicious, bad-faith violations of Plaintiff's constitutional rights.
• Reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 1988.

Dated: July 12, 2026
Respectfully submitted,

Sean McIver, Plaintiff Pro Se

## VERIFICATION

I, Sean McIver, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in the within action, that I have read the foregoing Verified Civil Complaint, know the contents thereof, and that the same is true to my own knowledge, except as to matters therein stated on information and belief, and as to those matters, I believe them to be true.

Executed on this 12th day of July, 2026 at Niagara Falls, New York.

Sean McIver

**AFFIDAVIT OF SEAN MCIVER**

STATE OF NEW YORK, COUNTY OF NIAGARA

1. I am the Plaintiff in this action and make this affidavit based upon personal firsthand knowledge of the facts set forth herein.

2. In May 2024, I accepted employment as the General Manager at the A&W Burger Factory located at 303 Rainbow Blvd, Niagara Falls, NY 14303.

3. For the first month of employment, I was paid on an hourly basis. Shortly thereafter, my employers, Muhammad Shoaib and Hina Qureshi, modified my pay structure to a flat rate system while compelling me to work extensive shifts ranging from 65 to 80 hours per week.

4. I was systematically denied overtime compensation for hours worked past the standard 40-hour workweek. Additionally, I witnessed and was subjected to illegal tip-retention schemes orchestrated by management.

5. In response to these persistent abuses, I exhausted administrative paths by submitting detailed complaints to the New York State Department of Labor and the Civil Rights Bureau of the Office of the New York Attorney General (Exhibit A - NYAG Correspondence File No. 25-000219).

6. Upon learning of my external complaints, Defendants escalated hostilities, resulting in my sudden termination during which they summoned local police to restrict my movement and forcefully remove me from the building.

Sean McIver

______________________________
Sean McIver, Affiant

Subscribed and sworn to before me this _____ day of ____________, 2026.

______________________________
Notary Public, State of New York

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Sean McIver submits this Memorandum of Law to outline the statutory framework, constitutional mandates, and settled judicial precedents establishing that the Defendants' actions constitute explicit violations of federal civil rights laws under 42 U.S.C. § 1983, the Fair Labor Standards Act (FLSA), and the New York State Labor Law (NYLL).

This case is fundamentally about the unconstitutional intersection of employer misconduct and state-backed empowerment. The private franchise defendants engaged in pervasive labor violations and, upon being challenged, weaponized local law enforcement to execute a retaliatory termination and seizure. Simultaneously, the municipal economic development defendants funded and insulated this enterprise despite notice of its unlawful practices, executing an unconstitutional deprivation of Plaintiff's statutory and civil rights.

## I. THE STATE ACTION REQUIREMENT UNDER 42 U.S.C. § 1983

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must establish that:
1. The conduct complained of was committed by a person acting under color of state law; and
2. The conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

While private employers are generally not subject to Section 1983 liability, the United States Supreme Court has established clear doctrines under which private actors assume the color of state law. Under the joint action test, a private actor is liable if they are a willful participant in joint activity with the State or its agents. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

When Defendants Shoaib and Qureshi summoned municipal law enforcement officers to effectuate the sudden detention and physical eviction of Plaintiff without a judicial warrant or statutory authorization, their actions crossed the threshold from private employment termination to joint state action. By calling upon the coercive authority of the police to resolve a civil wage dispute and punish a whistleblower, the private defendants acted in concert with state agents, thereby assuming liability under Section 1983.

Furthermore, under the Second Circuit's interpretation of state action in Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308 (2d Cir. 2003), a private entity's conduct may be fairly attributable to the State if there is a sufficiently close nexus between the State and the challenged action. Here, the municipal defendants (Klyczek, Synor, and Barone) provided direct capital, grants, and administrative life support to the franchise. By financing an operation while possessing actual or

constructive knowledge of its ongoing violations, the State actively facilitated the environments where these rights deprivations occurred.

## II. UNCONSTITUTIONAL DEPRIVATION OF VESTED PROPERTY RIGHTS

The Fourteenth Amendment's Due Process Clause prohibits the State from depriving individuals of 'life, liberty, or property, without due process of law.' Vested economic rights, such as earned wages and accumulated tips, constitute recognized property interests protected by the Constitution. Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972).

Under the Fair Labor Standards Act and the New York State Labor Law, an employee has a concrete statutory entitlement to regular and overtime compensation for services rendered. When an employer arbitrarily alters time cards, skims tips, or refuses to pay overtime, they engage in a taking of property. Because this taking was structurally enabled and maintained through municipal grant funding and municipal police enforcement, it rises above a mere breach of contract into an unconstitutional deprivation under color of law.

The Fifth Amendment, applied to local and state actors through the Fourteenth Amendment, forbids the taking of private property for private use. In this matter, the defendants effectively seized the Plaintiff's labor and tips to artificially enrich a private enterprise subsidized by public economic development funds.

## III. FIRST AMENDMENT WHISTLEBLOWER RETALIATION

The First Amendment protects an individual's right to petition the government for a redress of grievances and to speak out on matters of public concern. Filing a formal administrative complaint with an executive state agency, such as the New York State Department of Labor or the Office of the Attorney General, is a quintessential exercise of this constitutional right.

To state a claim for First Amendment retaliation under Section 1983, a plaintiff must demonstrate:
1. The speech or petitioning activity was constitutionally protected;
2. The plaintiff suffered an adverse action calculated to chill that speech; and
3. The protected speech was a substantial or motivating factor in the adverse action.

See Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977); Vega v. Hempstead Union Free School Dist., 801 F.3d 72 (2d Cir. 2015).

Plaintiff's formal tracking and reporting of systemic wage theft to state enforcement agencies constitutes protected petitioning activity. The defendants' response—terminating his employment and utilizing law enforcement to physically detain and eject him—constitutes an

adverse action of severe magnitude. The close temporal proximity between the exhaustion of administrative remedies and the sudden police-assisted eviction provides powerful circumstantial evidence of a retaliatory motive.

## IV. WILLFUL VIOLATIONS OF THE FLSA AND NEW YORK STATE LABOR LAW

Under both federal law (29 U.S.C. § 207) and New York State Labor Law (§ 650 et seq.), an employer must compensate an employee at a rate not less than one and one-half times their regular hourly rate for all hours worked in excess of 40 hours during a given workweek.

Defendants may attempt to evade this requirement by pointing to Plaintiff's title as 'General Manager' to claim an executive exemption. However, the law is unambiguous: job titles do not dictate exemption status. The 'primary duty' test governs. Citrone v. M&O Sanitation, Inc., 2024 WL 115000 (2d Cir. 2024). If an employee's primary duties involve non-exempt tasks (such as manual food preparation, counter service, and routine cleaning) and their salary structure is manipulated into a flat 'one-off' rate to avoid paying for an 80-hour workweek, the exemption fails.

Furthermore, NYLL § 196-d strictly prohibits employers or their agents from retaining any portion of an employee's tips or sharing in a tip pool. The conversion of customer-left gratuities by Defendants Shoaib and Qureshi represents a explicit statutory violation, giving rise to liquidated damages under NYLL § 198.

## V. FOURTH AMENDMENT SEIZURE AND FALSE IMPRISONMENT

The Fourth Amendment secures individuals against unreasonable searches and seizures. A 'seizure' occurs whenever an officer, by means of physical force or show of authority, restrains the liberty of a citizen. Terry v. Ohio, 392 U.S. 1 (1968).

When private individuals procure the immediate intervention of police officers to detain an employee on site and forcibly march them off the property without a warrant, judicial order, or probable cause that a crime has occurred, they initiate an unconstitutional seizure. Under New York common law and Section 1983, a claim for false imprisonment requires showing that:

1. The defendant intended to confine the plaintiff;
2. The plaintiff was conscious of the confinement;
3. The plaintiff did not consent to the confinement; and
4. The confinement was not otherwise privileged.

See Berg v. State, 2025 NY Slip Op 00412 (App. Div. 2025).

By misleading law enforcement and directing them to restrict Plaintiff's movement within the establishment, the defendants directly caused an unprivileged, unconstitutional confinement.

**CONCLUSION AND DEMAND FOR RELIEF**

The coordinated actions of the private franchise owners and the municipal officials who financed and protected them resulted in a profound breakdown of Plaintiff's statutory and constitutional protections. The law does not permit employers to systematically steal wages, skim tips, and subsequently weaponize local police departments to silence whistleblowers.

WHEREFORE, Plaintiff Sean McIver respectfully requests that this Court enter judgment against the Defendants, awarding compensatory and punitive damages in an amount to be determined at trial, granting a permanent injunction against the operations of the 303 Rainbow Blvd A&W facility, and barring all future public economic subsidies to the violating defendants.

Dated: July 12, 2026
Respectfully submitted,

Sean McIver, Plaintiff Pro Se

26 CV 1672

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** SEAN MCIVER

**DEFENDANTS** MUHAMMAD SHOAIB

(b) County of Residence of First Listed Plaintiff NIAGARA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant NIAGARA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)* REFORM NATION, 311 38th STREET NIAGARA FALLS, NY 14303

Attorneys *(If Known)* 303 RAINBOW BLVD, NIAGARA FALLS, NY 14303

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 USC § 1983 28 USC § 2201, 2202

Brief description of cause: WAGE THEFT, ILLEGAL FIRING, EMPLOYMENT CONDUCT

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE DOCKET NUMBER

DATE AUGUST 3, 2026 SIGNATURE OF ATTORNEY OF RECORD Sean McIver

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE